UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF: )<br>)<br>FREDERICK ALAN SIMMONS, DECEASED ) | Case No.  1:15-cv-01097-TWP-TAB |

UNITED STATES OF AMERICA,                )
                                                                    )
                                Plaintiff,              )
                                                                    )
            vs.                                              )
                                                                    )
RAELINN M. SPIEKHOUT individually and   )
as personal representative of the Estate of      )
Frederick Alan Simmons, Deceased,               )
CAPITAL ONE,                                            )
CLARK, QUINN, MOSES, SCOTT &           )
GRAHN, LLP,                                              )
BOONE COUNTY INDIANA,                       )
JAMES M. SIMMONS,                                 )
CAROL ANN SMEDLEY,                            )
DEBORAH SCOTT also known as              )
DEBBIE  SCOTT,                                        )
JAMES W. CURTIS,                                    )
FIREHOUSE PROPERTIES, LLC,               )
RICHARD ALLEN GREEN,                         )
INDIANA DEPARTMENT OF REVENUE,  )
                                                                    )
                                Defendants.         )

**ORDER**

This matter is before the Court on Defendant Raelinn Spiekhout's ("Spiekhout") objection to Magistrate Judge Baker's Report and Recommendation. (Filing No. 53.) Spiekhout is the Personal Representative of the Estate of Frederick Alan Simmons ("Estate"). On January 22, 2016, Magistrate Judge Baker issued his Report and Recommendation, resolving six pending motions. (Filing No. 49.) The Report and Recommendation resolved motions which contested the removal of this action to federal court, the state court's entry of a final order, and addressed the sale and

1

maintenance of the decedent's residence. For the following reasons, the Court overrules Spiekhout's objection and adopts the Magistrate Judge's Report and Recommendation.

## I. BACKGROUND

The Court adopts the Magistrate Judge's recitation of the facts which was not objected to Spiekhout, making only slight modifications for clarity. The Boone County Superior Court probated the Estate. The only asset of the Estate is the decedent's residence, which is encumbered by a federal tax lien. Prior to initiating this removal action, the United States and the Estate attempted to collaborate on a plan to sell the residence and satisfy the lien, but they were unable to agree.

On July 10, 2015, absent any agreement with the United States, the state court entered an order closing the Estate as insolvent. The order provided for distribution of the proceeds from the sale of the decedent's residence. The distribution lists the federal tax lien as seventh in priority among creditors and the lien is not ordered to be paid in full. A few days later, the United States filed a notice of removal, challenging the state court's disposition of its tax lien. This prevented Spiekhout from selling the decedent's residence and making distributions.

The decedent's residence is currently sitting vacant, and Spiekhout has been paying what she can to maintain the property from her personal funds. However, both Spiekhout and the Estate claimed that their resources would be exhausted by February 2016.

## II. LEGAL STANDARD

A district court may assign dispositive matters to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any findings of fact. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). *See also* 28 U.S.C. § 636(b)(1)(B) (2012); Fed. R. Civ. P. 72(b)(1). The magistrate judge's

recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to "accept, reject, or modify" the findings and recommendations, and the district court need not accept any portion as binding. 28 U.S.C. § 636(b)(1) (2012) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions"); Fed. R. Civ. P. 72(b)(3). *See also Schur*, 577 F.3d at 760-61.

After a magistrate judge makes a report and recommendation, either party may object within fourteen days of being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When a party raises specific objections to findings and recommendations made within the magistrate judge's report, the district court is required to review those elements *de novo*, determining for itself whether the Commissioner's decisions as to those issues are supported by substantial evidence or were the result of an error of law. 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 72(b)(3). *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The court may, however, defer to those conclusion to which timely objections have not been raised by a party. *Schur*, 577 F.3d at 760-61. Further, if a party fails to object to a magistrate judge's report and recommendation, or objects on some issues and not others, he waives appellate review of the issues to which he has not objected. *Johnson*, 170 F.3d at 739.

### III. DISCUSSION

Spiekhout's first objection relates to dicta in the Magistrate Judge's Report and Recommendation, purportedly faulting Spiekhout for not being able to meet the financial responsibilities of the decedent's residence. In making this argument, Spiekhout does not appear to object to the Magistrate Judge's recommendation that a receiver be appointed nor does she challenge the Magistrate's conclusion that such action is necessary because the Estate's assets are

depleted. However, Spiekhout objects to any suggestion that the financial issues facing the Estate were the result of her lack of diligence and good faith administration of the Estate. Not to be outdone, the Government raises a similar objection in a footnote, contending that it was similarly not responsible for the failure to sell the decedent's residence.

Both arguments are immaterial to the resolution of the pending motion to appoint a receiver. As the Magistrate Judge noted, no party filed a response in opposition to the motion to appoint a receiver, and the Court finds the financial issues facing the Estate, regardless of blame, are sufficient to justify granting the motion. Accordingly, Spiekhout's objection to dicta in the Magistrate Judge's Report and Recommendations, purportedly assigning fault to her administration of the Estate, is overruled on account of being irrelevant to the resolution of the motion to appoint a receiver.

Spiekhout's second objection challenges the Magistrate Judge's recommendation that the motion to dismiss be denied. In this regard, Spiekhout repeats the argument, made by the decedent's ex-spouse, Deborah Scott, in support of remand (Filing No. 6), that the United States' removal to federal court was untimely. However, unlike Ms. Scott's motion which claimed that service was proper on account of having served the IRS in the state court proceeding, Spiekhout argues for the first time that the United States received notice of the Petition to Close Insolvent Estate, notice of the corresponding hearing, and notice of Administration from the Boone Superior Court, all of which Spiekhout contends was sufficient to satisfy service of process on the United States.[1]

---

[1] Because Spiekhout did not raise this factual argument prior to the Magistrate Judge's issuing his Report and Recommendation, it would be proper for the Court to consider the argument to be waived. *See Woodall*, 2015 WL 417660, at *2 ("[a]rguments not raised before the magistrate judge and raised for the first time in objections filed before the district judge are waived.") Nevertheless, because Spiekhout's argument is factually similar to the factual argument initially raised by Deborah Scott, the Court will address it.

The Magistrate Judge correctly addressed the issue of service on the United State in his Report and Recommendation, noting that "[i]n actions or suits involving liens arising under the internal revenue laws, … service upon the United States shall be made by serving … the United States attorney for the district in which the action is brought." 28 U.S.C.A. § 2410(b).  The Magistrate Judge's analysis regarding the inadequacy of service of process on the IRS is equally applicable with regard to the inadequacy of the United State receiving state court probate notices.

In particular, the Magistrate Judge noted that, "*while the U.S. attorney ultimately received copies of the probate proceedings*, the thirty-day clock for removal does not begin running until formal service is made." *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1133 (9th Cir. 2011); *Collins v. Pontikes*, 447 F. Supp. 2d 895, 897 (N.D. Ill. 2006). Because formal service was never made upon the United States, the Magistrate Judge concluded correctly that "the clock never ran".  In her six-sentence objection, Spiekhout presents no new facts to suggest that formal service of the complaint was, in fact, made upon the United States; and she cites no legal authority to suggest that notice of the probate proceedings constituted adequate service upon the United States.  As a result, this objection is also overruled.

Spiekhout's third objection is that appointing a receiver is not necessary because she is "capable of concluding the administration of the estate and executing the duly entered order of the Boone Superior Court."  To begin, the Court notes that neither Spiekhout nor any other party filed a response to the United States' motion to appoint a receiver.  Accordingly, the Court need not entertain this argument, as it is waived. *See Woodall v. Jo-Ann Stores, Inc.*, No. 1:14-cv-00263-SEB-DKL, 2015 WL 417660, at *2 (S.D. Ind. Jan. 30, 2015) ("[a]rguments not raised before the

magistrate judge and raised for the first time in objections filed before the district judge are waived.")

However, even entertaining Spiekhout's objection regarding the appointment of a receiver, the objection is not persuasive. First, Spiekhout did not object to the Magistrate Judge's recommendation that the motion to vacate the Boone Superior Court order should be granted because of a lack of subject matter jurisdiction. As such, the motion to vacate will be granted; and, thereafter, there will be no state court order for Spiekhout to execute, as she asserts.

Second, the Magistrate Judge noted that appointment of a receiver was both "necessary and appropriate" because the Estate's liquid assets would be depleted by February 2016. In making this conclusion, the Magistrate Judge additionally pointed out that Spiekhout reported that, as of that date, she would no longer be able to advance additional funds for maintaining the property, and that "utility services to the residence will be disconnected, general maintenance to the residence will cease, and homeowner's insurance coverages will lapse". (*See* [Filing No. 38-4](#); [Filing No. 48](#).) In her objection, Spiekhout offers no evidence or argument to contradict her prior assertions regarding extreme financial difficulties maintaining the estate. The Court is interested in moving this case forward and preserving the asset which is at the heart of the litigation. Accordingly, this objection is also overruled.

Finally, Spiekhout's fourth objection is that the Magistrate Judge's Report and Recommendation does not provide sufficient guidance regarding the appointment of the receiver. Because the Court does not consider this request to be a legal objection to the Report and Recommendation, the Court neither affirms nor overrules it. Instead, the Court notes that the Magistrate Judge recommended, albeit in a footnote, that the Court should adopt the proposed order submitted by the Government, appointing Pam Jones as receiver of the decedent's residence

and authorizing her to sell the decedent's residence. (Filing No. 38-1.) Noting no objection to the Magistrate Judge's recommendation or to the United States' proposed order which was attached to its motion to appoint a receiver, the Court will adopt the proposed order, consistent with the Magistrate Judge's recommendation. In addition, to the extent Spiekhout and her attorney are requesting guidance on their roles going forward, the Court notes that it is not at liberty to provide legal counsel. Accordingly, the Court overrules Spiekhout's objection regarding the motion to dismiss and adopts the Magistrate Judge's recommendation to deny that motion.

In addition, the Court overrules Spiekhout's objection regarding the motion to appoint a receiver and adopts the Magistrate Judge's recommendation to grant that motion. Finally, Spiekhout did not object to the Magistrate Judge's additional recommendations that the motion to remand should be denied and that the motion to vacate and the motions to remove the claims of interest should be granted. Absent any objection, the Court adopts those portions of the Report and Recommendation as well. *See Johnson*, 170 F.3d at 739.

### IV. **CONCLUSION**

For the aforementioned reasons, the Court **OVERRULES** Spiekhout's objections. (Filing No. 53.) As a result, the Court **ADOPTS** the recommendations in the Magistrate Judge's Report and Recommendation. (Filing No. 49.) Accordingly, the Court **DENIES** the motion to remand, (Filing No. 6), and the motion to dismiss, (Filing No. 30). In addition, the Court **GRANTS** the motion to vacate, (Filing No. 8), the motions to remove claims of interest (Filing No. 27; Filing No. 28), and the motion to appoint a receiver, (Filing No. 38). Consistent with this Order, the Court will enter a separate order appointing Pam Jones as the receiver and authorizing her to sell the decedent's residence, as proposed by the United States.

Date: 3/8/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Sean A. Brown
CLARK, QUINN, MOSES, SCOTT & GRAHN
sbrown@clarkquinnlaw.com,jshepard@clarkquinnlaw.com

E. Davis Coots
COOTS HENKE & WHEELER, P.C.
dcoots@chwlaw.com,cohara@chwlaw.com,kcarlisle@chwlaw.com

James W. Curtis , Jr
JAMES W. CURTIS, JR., ATTORNEY AT LAW
jwcjr1944@sbcglobal.net,kristinlong2727@gmail.com

Brandi A. Gibson
COOTS HENKE & WHEELER, P.C.
bgibson@chwlaw.com,eprice@chwlaw.com,wwead@chwlaw.com

Charles R. Grahn
CLARK QUINN MOSES SCOTT & GRAHN
crg@clarkquinnlaw.com,jshepard@clarkquinnlaw.com,djones@clarkquinnlaw.com

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov,shaq.shockley@usdoj.gov,lin.montigney@usdoj.gov

Joel Kirk LeBlanc
LEBLANC NETTLES DAVIS
kirk@indianalawgroup.com,kristen@indianalawgroup.com

Michael P Maxwell , Jr
CLARK QUINN MOSES SCOTT & GRAHN LLP
mmaxwell@clarkquinnlaw.com,jshepard@clarkquinnlaw.com

Nelson A. Nettles
LEBLANC NETTLES DAVIS
nelson@indianalawgroup.com,nnettles33@gmail.com,acrisp@indianalawgroup.com,kim@indianalawgroup.com

Bradley A. Sarnell
US DEPARTMENT OF JUSTICE
bradley.a.sarnell@usdoj.gov,northern.taxcivil@usdoj.gov