**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF:<br>FREDERICK ALAN SIMMONS, Deceased | )<br>)<br>)<br>) |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAELINN M. SPIEKHOUT, individually and as personal representative of the Estate of DEBORAH SCOTT,<br>RICHARD A. GREEN,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 1:15-cv-01097-TWP-MPB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ENTRY ON OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Raelinn M. Spiekhout's (Spiekhout") Objection to Magistrate Judge's Report and Recommendation on the motions for partial summary judgment. ([Filing No. 111](#).) On May 22, 2017, the Magistrate Judge issued his Report and Recommendation, ([Filing No. 110](#)), resolving three pending Motions for Partial Summary Judgment filed by: the Government ([Filing No. 85](#)), Spiekhout ([Filing No. 90](#)), and Deborah Scott ("Scott") ([Filing No. 104](#)), as well a request submitted by Richard Green ("Green") ([Filing No. 89](#)). The Report and Recommendation concludes that the Government's federal tax lien has priority to the assets of the Estate of Frederick Alan Simmons ("the Estate"). Spiekhout filed an Objection to the Report and Recommendation within fourteen days, on June 13, 2017, asserting the Magistrate Judge erred in his conclusions of fact and law. For the following reasons, the Court

**OVERRULES** Spiekhout's Objection and **ADOPTS** the Magistrate Judge's Report and Recommendation.

## I. BACKGROUND

The Court adopts the Magistrate Judge's recitation of the facts, which are undisputed. Frederick Alan Simmons ("Simmons") died on June 5, 2014. Simmons was a resident of Zionsville, Boone County, Indiana. Spiekhout, the surviving spouse and Personal Representative of the Estate, opened a probate action in the Boone County Superior Court on June 11, 2014. Spiekhout retained attorney Charles R. Grahn of Clark Quinn Moses Scott & Grahn, LLP, to represent her in her Personal Representative duties. The principal asset of the Estate was property located at 920 Tillson Drive, Zionsville, Indiana ("the Property").

Simmons' first wife was Deborah Scott ("Scott"). Simmons and Scott had one child, Erik Simmons ("Erik") who was born in 1991. Scott and Simmons divorced on May 22, 1998. Their divorce decree provided, in relevant part, that Simmons would pay $1,274.00 per month in child support, $1,000.00 per month in maintenance, Erik's health insurance benefits, and any of Erik's uninsured health care costs. Simmons also agreed to hold Scott harmless from any and all encumbrances on the Property. Scott quitclaimed her interest in the Property to Simmons.

Once the Estate was opened in state court, a number of claims were filed, including:

a. A claim by Scott for alleged past due child support, alimony, medical expenses, and insurance expenses, totaling $49,041.71.

b. A claim by Green, a former employee of Simmons, stemming from unpaid wages and benefits, totaling $364,800.00.

c. A claim by Firehouse Properties LLC, for an alleged breach of lease, totaling $113,170.61.

d. A claim by Carol Ann Smedley, for default of a promissory note, totaling $124,275.82.[1]

---

[1] The Court granted Smedley's motion to remove her claim on March 8, 2016. ([Filing No. 56](#).)

e. A claim by James M. Simmons, for default of a promissory note, totaling $124,275.82.[2]

f. A claim by Jacquelyn S. Gramman, for alleged unpaid wages, totaling $440,221.08.

g. A claim by the State of Indiana, for two tax warrants.[3]

h. A claim by the Internal Revenue Service ("IRS"), for unpaid federal income taxes and Trust Fund Recovery Penalties, totaling $591,406.05.[4]

i. A claim by Capital One, for purchase of goods and/or services, totaling $3,073.14.

On March 16, 2015, Spiekhout filed a petition to approve the sale of the Property to Indy Houses LLC for $282,000.00; however, she did not serve notice on the United States in accordance with 28 U.S.C. § 2410(b) to trigger the 30-day removal period. The state court approved the sale on April 16, 2015. On May 11, 2015, Spiekhout filed a petition to close the Estate as insolvent, showing that the Estate anticipated having total distributable assets of only $266,872.70, contrasted against the $1,812,621.69 in claims made against the Estate. This petition was also not served on the United States so as to trigger the 30-day removal time.

On July 10, 2015, the state court issued an Order closing the Estate as insolvent and ordered distribution of the proceeds from the sale of the Property. (Filing No. 6-5). The distribution lists the federal tax lien as seventh in priority among creditors. A few days later, on July 14, 2015, the

---

[2] The Court granted Simmons' motion to remove his claim on March 8, 2016. (Filing No. 56.)

[3] The State of Indiana released the warrants on August 1, 2016.

[4] The IRS seeks payment for unpaid federal income tax years 2001, 2003, 2004, 2007 and 2012, and Trust Fund recovery Penalties for the quarterly tax periods ending March 31, 2009, June 30, 2009, September 30, 2009, December 31, 2009, March 31, 2010, June 30, 2010, September 30, 2010, September 30, 2011, December 31, 2011, March 31, 2012, June 30, 2012, September 30, 2012, December 31, 2012, March 31, 2013, and June 30, 2012. The United States filed Notices of Federal Tax Lien for these liabilities during the Simmons' lifetime, and has timely refiled such notices as necessary. (Filing No. 9-1; Filing No. 43-1). The Notice for 2003 and 2004 was recorded in March 2006 and the Notice for 2001 was recorded in April 2006; those three years' liabilities exceed the proceeds of the Property, thus the Court will not outline the remainder of the notices in this Entry.

United States removed the state court action to this Court, challenging the state court's disposition of its tax lien. On July 21, 2015, the United States filed a Complaint in this Court, in Case No. 1:15-cv-01146-TWP-TAB ("the Original Action"), seeking to reduce Simmons' unpaid federal tax liabilities to judgment, to enforce federal tax liens against the Property, and to determine the priority of liens encumbering the Estate's property, both real and personal. The Original Action and the instant action were consolidated on September 30, 2015.

On May 27, 2016, this Court issued an Order authorizing the sale of the Property to Indy Houses LLC for $275,000.00. ([Filing No. 61](#)). The Court acknowledged receipt of $245,766.41, representing the net proceeds of the sale of the Property after payment of receiver's commission and the costs of sale. (Filing No. 63). On September 1, 2016, Simmons & Associates, Inc.'s mortgage against the Property was released.

Thereafter, on September 8, 2016, Spiekhout filed a Motion for Hearing to Determine Claim Priorities. ([Filing No. 64](#)). This Court ordered all parties to submit briefs in support of their positions regarding claim priorities and set the matter for oral argument. ([Filing No. 80](#)). Spiekhout, Scott, and Green each filed briefs. ([Filing No. 84](#), [Filing No. 87](#), [Filing No. 89, respectively](#)). In lieu of filing a brief, the Government filed a Motion for Partial Summary Judgment. ([Filing No. 85](#).) Spiekhout also filed a Motion for Partial Summary Judgment. ([Filing No. 90.](#)) In light of these motions, the Court vacated its oral argument and ordered all parties to file motions for summary judgment on or before January 27, 2017. Scott filed her Motion for Partial Summary Judgment on January 13, 2017. ([Filing No. 104.](#)) No other summary judgment motions were filed.

The district judge referred the Motions for Partial Summary Judgment to Magistrate Judge Brookman and on May 22, 2017, the Magistrate Judge issued his Report and Recommendation.

([Filing No. 110](#).) The Report and Recommendation allows the Government priority interest for the proceeds from the sale of the Property. *Id.* Spiekhout filed her Objection to the Recommendation within fourteen days, on June 13, 2017. Spiekhout asserts that the Magistrate Judge erred in his findings of fact because he fails to acknowledge the extensive services and funds that she provided to the Property. She also argues the Magistrate Judge erred in his conclusions of law because the Federal Tax Lien Act should not have priority in this case.

## II. LEGAL STANDARD

"A district court may assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any proposed findings of fact." *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 760 (7th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)). "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur*, 577 F.3d at 760 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)).

After a magistrate judge makes a report and recommendation, either party may object within fourteen days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" with respect to dispositive motions. 28 U.S.C. § 636(b)(1). Further, a judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## III. DISCUSSION

As an initial matter, the Court notes that the Magistrate Judge submitted Recommendations on Scott's Partial Motion to Dismiss, as well as on Green's request for priority over the

Government's tax lien. Both Scott and Green were afforded due opportunity pursuant to statute and the rules of this Court to file objections; however, none were filed. Accordingly, the Court **adopts** the Magistrate Judge's recommendation to deny Scott's Motion for Partial Summary Judgment (Filing No. 104), as well as Green's request to have priority over the Government's claim to the Estate assets (Filing No. 89).

The only objection to the Report and Recommendation is Spiekhout's objection that the Magistrate Judge erred by ignoring undisputed facts and in applying the law incorrectly.

A. <u>**The Magistrate Judge did not err in his Findings of Fact**</u>

Spiekhout argues that the Magistrate Judge erred in his findings of fact by failing to acknowledge the extensive services that she provided and funds she advanced for maintenance and preservation of the Property. Spiekhout contends that without her efforts, the Property would not have been sold. In response, the Government notes that Spiekhout does not challenge or dispute the Magistrate Judge's findings of fact, but argues only that the Magistrate Judge erred in not including additional facts. The Government contends that the exclusion of the additional facts requested by Spiekhout does not amount to error because those facts are irrelevant to the determination of priority.

The Court agrees with the Government and concludes that the Magistrate Judge did not err when omitting additional facts related to Spiekhout's efforts in preserving the Property, because such facts are irrelevant to the issue before the Court. Under Federal Rule of Civil Procedure 56, summary judgment is appropriate only where there exists "no genuine issue as to any *material facts*." Fed. R. Civ. P. 56 (emphasis added). Accordingly, for the reasons explained below, the Court finds the additional facts irrelevant to the issue of priority.

## B. The Magistrate Judge Applied the Correct Law

Spiekhout also objects to the Magistrate Judge's conclusions of law because the Report and Recommendation relies on the Federal Tax Lien Act, 26 U.S.C. §§ 6321-6323, rather than the Federal Priority Statute, 31 U.S.C. § 3713. The Federal Priority Statute states in pertinent part:

> A claim of the United States Government shall be paid first when…the estate of a deceased debtor, in the custody of the executor or administrator, is not enough to pay all debts of the *debtor*.
> …
> A representative of a person or an estate (except a trustee acting under title 11) paying any part of a debt of the person or estate before paying a claim of the Government is liable to the extent of the payment for unpaid claims of the Government.

31 U.S.C. § 3713(a)(1)(B), (b) (emphasis added). Spiekhout relies on *In re Estate of Funk* when arguing, under the Federal Priority Statute, the Government's federal tax lien does not have priority over Spiekhout's claim for preserving the Property because compensation for services provided to the estate are debts of the estate, rather than debts of the debtor. *See In re Estate of Funk*, 221 Ill. 2d 30, 40 (2006) ("Under section 3713(a), the United States is entitled to priority with respect to the payment of 'debts of the debtor,' not debts incurred by the estate… expenses of administration of the estate are debts of the estate, not debts of the deceased.").

Spiekhout also asserts that, as Personal Representative, she and her counsel are entitled to just and reasonable compensation for their services pursuant to Indiana Code § 29-1-10-13. Section 29-1-10-13 states in pertinent part that:

> The personal representative, when no compensation is provided in the will…, shall be allowed such compensation for his services as the court shall deem just and reasonable.... An attorney performing services for the estate at the instance of the personal representative shall have such compensation therefor out of the estate as the court shall deem just and reasonable.

In response, the Government relies on *Sgro* when noting that "[s]tate law governs the vast majority of conflicts between lienholders competing for the same property[,] [h]owever, when one

7

of the competitors…is the United States Government holding a lien for unpaid taxes, federal law governs." *Sgro v. United States*, 609 F.2d 1259, 1260–61 (7th Cir. 1979). The Government notes that the Federal Tax Lien Act, and not the Federal Priority Statute, is the basis for the Government's claim to priority over the proceeds from the Estate. *See id* ("the Federal Tax Lien Act of 1966, 26 U.S.C. §§ 6321-6326…, outlines the rights of private creditors with respect to a federal tax lien") (citations omitted). The Federal Tax Lien Act provides:

> [i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321. If the United States subsequently files the appropriate notice of the federal tax liens, its lien prevails over all other interests, except for purchasers, holders of security interests, mechanics lienors, and judgment lien creditors whose interests are choate at the time that the notice of federal tax lien is filed. 26 U.S.C. § 6323; *Sgro*, 609 F.2d at 1261. Competing interests are choate when "the identity of the lienor, the property subject to the lien, and the amount of the lien are established." *Id.* (quoting *United States v. City of New Britain*, 347 U.S. 81, 84 (1954)).

There is no dispute that the Government properly filed notice of its federal tax liens. As such, the Government argues its liens prevail over Spiekhout's interest because Spiekhout is not a purchaser, holder of security interest, mechanics lienor, or judgment lien creditor. *See* 26 U.S.C. § 6323. In his Report and Recommendation, the Magistrate Judge found in favor of the Government and stated that, despite Spiekhout's reliance on state law and the wrong federal statute, funeral and administrative expenses have no priority over a federal tax lien. *See Estate of Friedman v. Cadle Co.*, No. 3:08CV488 RNC, 2009 WL 7271206, at *3 (D. Conn. Sept. 8, 2009) ("there is no indication that Congress intended to subordinate a federal tax lien to the type of claim

asserted by the Estate. If Congress had wanted funeral and administrative expenses to prime an antecedent recorded federal tax lien, it could have done so.").

The Court adopts the Magistrate Judge's recommendation and concludes that the Federal Tax Lien Act, rather than the Federal Priority Statute, governs whether the Government tax liens have preference to the proceeds from the Property. *See United States v. Estate of Romani*, 523 U.S. 517 (1998) (holding the Federal "Tax Lien Act, rather than federal priority statute, under which a claim of United States Government "shall be paid first" when debtor's estate cannot pay all of its debts, is governing statute when Government claims preference in insolvent estate of delinquent taxpayer."). Accordingly, because Spiekhout's interest does not fall under any of the exceptions listed in § 6323—purchaser, holder of security interest, mechanics lienor, or judgment lien creditor—the Government's tax liens have priority.

Spiekhout argues that, under the Court's conclusion, no reasonable personal representative or counsel would provide services under such impositions. The Court, however, notes that Spiekhout's policy argument is addressed and remedied by the procedures set forth in the Internal Revenue Manual ("IRM"). Pursuant to IRM 5.5.2.4(3), the Government "may in its discretion not assert priority over reasonable administrative expenses of the estate." *See Matter of Carlson*, 126 F.3d 915, 922 (7th Cir. 1997) ("Procedures in the [IRM] are intended to aid in the internal administration of the IRS; they do not confer rights on taxpayers."). The Government made clear that, if documentation is provided evidencing payments made by Spiekhout to maintain the Property, the Government will allow Spiekhout's unreimbursed expenses to be paid ahead of the federal tax liens. Accordingly, the Court **grants** the Government's Motion for Partial Summary Judgment ([Filing No. 85](#)).

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Spiekhout's Objection ([Filing No. 111](#)) and **ADOPTS** the Magistrate Judge's Report and Recommendation ([Filing No. 110](#)), thereby **GRANTING** the Government's Motion for Partial Summary Judgment ([Filing No. 85](#)), **DENYING AS MOOT** Green's request to have priority over the Government's claim to the Estate assets ([Filing No. 64](#)), **DENYING** Spiekhout's Motion for Partial Summary Judgment ([Filing No. 90](#)), and **DENYING** Scott's Motion for Partial Summary Judgment ([Filing No. 104](#)). Further, the Court specifically concludes that the Government's federal tax liens have priority regarding the Estate's proceeds.

**SO ORDERED.**

Date: 7/31/2017

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Charles R. Grahn
CLARK QUINN MOSES SCOTT & GRAHN
crg@clarkquinnlaw.com

Michael P. Maxwell, Jr
CLARK QUINN MOSES SCOTT & GRAHN LLP
mmaxwell@clarkquinnlaw.com

Sean A. Brown
CLARK, QUINN, MOSES, SCOTT & GRAHN
sbrown@clarkquinnlaw.com

Brandi A. Gibson
COOTS HENKE & WHEELER, P.C.
bgibson@chwlaw.com

E. Davis Coots
COOTS HENKE & WHEELER, P.C.
dcoots@chwlaw.com

James W. Curtis, Jr.
JAMES W. CURTIS, JR., ATTORNEY AT LAW
jwcjr1944@sbcglobal.net

Joel Kirk LeBlanc
LEBLANC NETTLES DAVIS
kirk@indianalawgroup.com

Nelson A. Nettles
LEBLANC NETTLES DAVIS
nelson@indianalawgroup.com

Bradley A. Sarnell
U.S. DEPARTMENT OF JUSTICE, TAX DIVISION
bradley.a.sarnell@usdoj.gov

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov